UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| ANDREW CHIEN,<br><br>          Plaintiff,<br>  v.<br><br>SUPREME JUDICIAL COURT OF CONNECTICUT, SUPERIOR COURT JUDICIAL DISTRICT OF NEW HAVEN, CHASE T. ROGERS, JAMES W. ABRAMS, RICHARD E. BURKE, GEORGE JEPSEN, & ALEXANDRA D. DIPENTIMA,<br><br>          Defendants. | Civil Action No.<br>No. 3:18-cv-00228 (CSH)<br><br>February 14, 2018 |

**RULING AND ORDER DISMISSING COMPLAINT**

**HAIGHT, Senior District Judge:**

Having read the Complaint [Doc. 1] filed in this action on February 6, 2018, the Court *sua sponte* dismisses the action because its filing would appear to violate an injunction entered by Judge Covello in *Chien v. Clark. et al.,* No. 16-cv-1881.

That case before Judge Covello and the captioned case, together with several other cases commenced by pro se Plaintiff Chien, all arise out of the same nexus of facts, which have their genesis in protracted litigated of disputes between Chien and Richard J. Freer, a resident of Virginia. The litigation began in state and federal courts in Virginia, and spilled over into state and federal courts in Connecticut, principally because Freer sought to enforce in Connecticut a judgment he had recovered against Chien in Virginia. Chien's main objectives in the Connecticut litigation are to avoid any judgment liability to Freer, and to hold Freer liable for Chien's claims against Freer,

1

alleged by Chien to have accrued as the result of the initial business relationships in Virginia between those two individuals.

Chien had filed an earlier case which was assigned to Judge Covello: *Chien v. Freer*, No. 3:15-cv-1620. The defendants in *Freer* moved before Judge Covello to dismiss Chien's complaint, and also requested "a prefiling injunction with respect to any of Chien's future filings." Ruling [Doc. 69] at 25. Presumably the *Clark* defendants had in mind an even earlier case, *Chien v. Commonwealth Biotechnlogies, Inc.*, No. 3:12-cv-1378, where Judge Thompson dismissed Chien's complaint arising out of the same nexus of facts. In *Freer*, Judge Covello declined to issue a prefiling injunction. He was content to say:

> The defendants have requested a prefiling injunction with respect to any of Chien's future filings. The court has denied his request to amend the complaint in this case. The defendants' request is denied without prejudice. Chien is cautioned that any future frivolous filings in this court may result in sanctions and/or a filing injunction against him.

*Id.* at 25-26.

Nothing daunted, Chien filed another action, the *Clark* case, also assigned to Judge Covello. Judge Covello granted those defendants' motion to dismiss the complaint, and this time enjoined Chien from further filings. The Court reasoned:

> The current 211 page complaint essentially attempts to end run the court's previous denial of Chien's motion to amend. The complaint in this case includes claims and parties included in Chien's previously filed, and denied, motion to amend and proposed amended complaint. Although the complaint includes three additional parties, the claims are based on the same facts and events as previously alleged and any differences are only superficial.

Ruling [Doc. 40] at 5. In those circumstances, Judge Covello concluded:

> The case is hereby dismissed and the plaintiff, Andrew Chien, is prohibited from filing further actions in this court without prior leave of the court. Failure to comply with this order may result in monetary sanctions.

*Id*. at 6. Judge Covello's ruling, containing this injunction, was filed on September 8, 2017.

Chien's complaint in the captioned case was filed on February 6, 2018. He had not applied to the Court for leave to file it. This latest case was randomly assigned to the undersigned. The complaint repeats the lengthy allegations and claims against Freer, and recounts all Plaintiff's initial grievances from the first days of deteriorating business relationships in Virginia. The case, in short, proceeds from the same nexus of facts as its several predecessors. To be sure, there are new defendants: Connecticut trial and appellate judges who held against Chien in the related cases that came before the state courts. However, Chien's approach, when confronted by an adverse litigation result, is to allege the same basic set of facts over again, adding as parties defendant the most recent individuals whose decisions or actions have disappointed him. It seems to me that this does not satisfy the concerns of judicial resources and oversight. Judge Covello's reasoning in *Clark* properly recognizes that adding new parties defendant does not justify repetition of the same factual nexus for dismissed claims.

Because the captioned case was commenced in seeming violation of the injunction Judge Covello imposed in *Clark*, the Clerk is directed to dismiss the complaint in this action and close the file. In these circumstances, the dismissal will be without prejudice. If Chien wishes to press these claims against these defendants further, he must apply to Judge Covello for leave to do so. It is Judge Covello's order that is involved, and I defer to him with respect to that order's interpretation and application.

3

It is SO ORDERED.

Dated: New Haven, Connecticut
February 14, 2018

*/s/Charles S. Haight, Jr.*
CHARLES S. HAIGHT, JR.
Senior United States District Judge